UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MANUEL PANTOJA, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION |
| | ) ) | File No. |
| v. | ) ) | |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | ) ) ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) ) | |

**COMPLAINT FOR RELIEF PURSUANT
TO THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT**

NOW COMES the Plaintiff, MANUEL PANTOJA ("Plaintiff" or "Manuel"), by and through his attorneys, SULAIMAN LAW GROUP, LTD., complains of the Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC. ("Defendant" or "Portfolio"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. (hereinafter "FDCPA").

**JURISDICTION AND VENUE**

2. This action arises under, and is brought pursuant to, the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692k, 28 U.S.C. §§ 1331, 1337, as this action arises under the laws of the United States, and supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391; Defendant conducts business in the Northern District of Illinois and all of the events or omissions giving rise to the claim occurred within the Northern District of Illinois.

## PARTIES

4. Plaintiff, Manuel Pantoja, is a natural person residing at 611 9th Avenue, Maywood, IL 60153 and is a "consumer" as defined by the FDCPA. *See* 15 U.S.C. 1692a(3).

5. At all times relevant to the action, the Defendant, Portfolio Recovery Associates, LLC was a Delaware limited liability company with its principal place of business located in Norfolk, Virginia. Portfolio is a third-party debt purchaser that is in the business of purchasing debts. Some of the debts purchased by Portfolio include a debt allegedly owed by Manuel.

## FACTS SUPPORTING CAUSE OF ACTION

6. In 1993, Manuel applied for a credit card from Capital One Bank (USA) NA ("Capital One").

7. Manuel was approved for the Capital One credit card, but never activated the account.

8. Manuel never used the card for any purpose.

9. Sometime in 1998, Capital One began contacting Manuel seeking to collect unpaid annual fees for the card that Manuel never activated.

10. Manuel never knew that he had incurred a debt with Capital One until collection attempts began.

11. Capital One continued these collection efforts from time to time.

12. Eventually, Portfolio began contacting Manuel to collect on the alleged Capital One debt.

13. Portfolio's collection efforts eventually ceased for a brief period of time.

14. Manuel received a collection letter from Portfolio attempting to collect on the Capital One debt on April 17, 2013. *See* Exhibit A, a true and correct copy of the April 17, 2013 Portfolio collection statement.

15. In addition to the collection letter, Manuel also received calls from Portfolio in May and June of 2013 to collect on the alleged Capital One debt.

16. Manuel was never informed that the alleged Capital One debt was transferred to Portfolio.

17. Manuel never incurred any debt by using the Capital One card.

18. The telephone calls and written communications were highly upsetting to Manuel.

19. Manuel has suffered a great deal of embarrassment as a result of Portfolio's collection attempts.

20. Manuel has retained counsel to defend against Portfolio's harassing collection efforts.

**PORTFOLIO'S DECEPTIVE PRACTICES**

21. Portfolio's statements with regard to Manuel's alleged debt are deceptive.

22. On the statement dated April 17, 2013, Portfolio states, "Because of the age of your debt, we will not sue you for it and we will not report it to any credit reporting agency." *See* Exhibit A.

23. Portfolio states in the letter that it is, "not obligated to renew this offer." *Id.*

24. Portfolio's letter offers a repayment plan. *Id.*

25. The plan requires a $60.00 down payment. *Id.*

26. Portfolio gave Manuel 45 days to respond to its offer; this imposed a sense of urgency upon Manuel to act promptly. *Id.*

27. This statement is made to deceive Manuel into paying the debt by stating that it is a one-time offer.

3

28. Portfolio does not explain the consequences of Manuel entering into the proposed payment plan.

29. If Manuel pays towards the alleged debt, he will revive the Statute of Limitations on the debt.

30. It is well settled law in Illinois that repayment on a debt which has expired due to the Statute of Limitations will be revived through payment by the debtor.

31. "An unqualified admission that a debt is due and unpaid, accompanied by nothing said or done to rebut the presumption of a promise to pay it, it is sufficient to revive the debt against the Statute of Limitations." *Phillip Ross v. St. Clair Foundry Corporation,* 271 Ill.App. 271, 273 (4th Dist. 1933).

32. Repayment towards the alleged debt will expose Manuel to potential liability.

33. Portfolio attempted to coerce Manuel into reviving the debt.

34. "If the debtor clearly admits the debt to be due and unpaid, and uses language indicating an intention to pay it, a new promise to pay is implied." *Id.*

35. Manuel contacted Portfolio for more clarification; he was left even more confused as to the validity of the debt.

36. When Manuel asked whether the debt must be paid, a Portfolio representative told him that if an "investigation" found that Manuel was responsible for the debt, then he would be liable to pay the debt.

37. This statement made by Portfolio's representative directly contradicts the terms of the collection letter.

38. Manuel then asked the Portfolio representative whether paying the alleged debt would have an impact on his credit reporting to which the Portfolio representative responded, "Yes, I would imagine so."

39. This also contradicts the terms of the April 17, 2013 letter. *See* Exhibit A.

40. The Portfolio representative further confused Manuel by telling him the debt in question had already been settled and that no further action was necessary.

41. Manuel then asked why he was still receiving calls and statements regarding the alleged debt in question. The Portfolio representative had no reply.

42. The subject collection letter is deceptive for the simple fact that it attempts to coerce Manuel to pay a debt Portfolio admittedly cannot sue to enforce.

43. Portfolio is essentially preying on consumers such as Manuel who may pay the alleged debt to stop Portfolio's collection practices.

44. Should Manuel make a payment towards the debt, the clock will restart on the Statute of Limitations.

45. Portfolio is attempting to trap Manuel by deceiving him into making a payment which will renew his liability for the debt.

46. "A new promise to pay a past-due debt which removes a case from the running of the statute of limitations is unlike a normal bargain in that it creates a new debt ..." *Axia Incorporated v. I.C. Harbour Construction Co.* 150 Ill.App.3d 645, 645, 651-52 (2nd Dist. 1986).

47. Portfolio's right to sue on the debt would be revived as follows:

    a. Manuel has 45 days to respond to Portfolio's collection letter;

    b. If Manuel sends a payment of $60.00, then the Statute of Limitations is revived;

    c. Portfolio then would be able to sue on any subsequent failure to pay on the alleged debt.

48. The Portfolio representative also stated that by paying the alleged debt, Manuel's credit score would potentially be improved.

49. This misrepresentation is negated by the statement in the collection letter which ensures Manuel that his credit report would not be affected.

50. The Portfolio representative's statement is not only deceptive, but baseless, and further adds to the state of confusion caused by Portfolio's collection practices.

51. "Absent disclosures to consumers as to the age of their debt, the legal enforceability of it, and the consequences of making a payment on it, it is plausible that dunning letters seeking collection on time-barred debts may mislead and deceive unsophisticated consumers." Brief of Amici Curiae Federal Trade Commission and Consumer Financial Protection Bureau at 7, *Delgado v. Capital Management Services, LP*, 2013 WL 1194708 (No. 13-2030).

52. Portfolio had no reason to believe that Manuel would be able to decipher their jumbled language in the mailed notice, nor reconcile it with the conflicting verbal representations made by Portfolio's representative.

53. The inactive account was said to have been accumulating annual fees beginning sometime in 1993.

54. Portfolio communicated to Manuel that the alleged debt had at some point been charged off.

55. Portfolio also communicated to Manuel that he is under no legal obligation to make any payment towards the alleged debt.

56. Portfolio's business model violates the FDCPA; this is most evident when considering the deceptive practices it employs when attempting to collect on a time-barred debt.

57. The FDCPA prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e.

58. Portfolio's actions are not only ambiguous, baseless, and nonsensical, but they are false, deceptive, and misleading.

59. Portfolio's communications are intentionally deceptive and confusing to consumers so that it can collect on debts that are beyond the statute of limitations.

60. Portfolio's harassment techniques are designed to force consumers such as Manuel to pay immediately to avoid further harassment, embarrassment, and sheer annoyance.

61. Portfolio stated to Manuel that he did not have to pay the debt in the notice that was sent to him, yet it has made no indication that its collection efforts will cease.

62. Portfolio attempted to revive its right to sue on the alleged debt by formulating a scheme to trick Manuel into acknowledging the debt and reviving the statute of limitations.

63. "A debtor should not lose this protection of the law without knowing its value to him, and he cannot know the value unless he knows the amount of the claim which will no longer be sheltered by the statute." *Schmidt v. Desser,* 81 Ill.App.3d 940, 943 (3rd Dist. 1980).

64. Portfolio's end-around the statute of limitations was to dupe Manuel into paying the debt via its unfair and deceptive conduct.

65. The combination of the small 45-day window of time, the relatively low $60.00 payment option, the confusing language regarding the limited time offer, and the legal disclaimer are sufficiently deceptive and unfair to find Portfolio in violation of the FDCPA.

**COUNT I – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**

66. Manuel repeats and realleges paragraphs 1 through 65 as though fully set forth herein.

67. The FDCPA prohibits deceptive communications pursuant to 15 U.S.C. §1692e(10).

68. Manuel never activated the Capital One card; therefore, he never owed a debt to Capital One.

69. As such, Portfolio's attempts to collect the alleged debt are deceptive and misleading under the FDCPA.

70. Assuming, *arguendo*, that Manuel did owe Capital One a debt, Portfolio's conduct is still deceptive because it was attempting to collect a time-barred debt.

71. As alleged above, Portfolio's scheme to trick consumers into reviving time-barred debts is inherently misleading and deceptive.

72. Moreover, Portfolio's scheme to revive time-barred debts is unfair, in violation of 15 U.S.C. §1692f.

73. Portfolio's communications to Manuel were contradictory and confusing with regard to the status of the alleged debt and the effect of making a payment on that debt.

74. Portfolio intended that its letter to Manuel would induce him to make a payment, thus removing the debt from the protection of the statute of limitations.

75. This scheme is patently unfair because the unsophisticated consumer would not know that making a payment on a time-barred debt revives the statute of limitations on that debt.

76. Portfolio is attempting to collect a debt it admits it has no legal right to sue on.

77. Manuel, as a result of the conduct of Portfolio, has suffered mental anguish and emotional distress.

78. Manuel is therefore entitled to an award of statutory damages, actual damages, and legal fees pursuant to 15 U.S.C. §1692k.

WHEREFORE, Plaintiff MANUEL PANTOJA respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Manuel statutory and actual damages in an amount to be determined at trial, for the underlying FDCPA violations;

c. Ordering the deletion of all adverse credit reporting related to the loan;

d. Awarding Manuel costs and reasonable attorney fees as provided under 15 U.S.C. §1692k;  and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II -- VIOLATION OF ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

79. Manuel restates and realleges paragraphs 1 through 78 as though fully set forth herein.

80. Portfolio violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice by using fraud, deception, and misrepresentation in its attempt to collect a discharged debt from Manuel.

81. Portfolio's debt collection activities are part of the conduct of trade or commerce in the State of Illinois.

82. In particular, Portfolio's misleading collection letter is designed to induce the consumer to make a payment on a time-barred debt, which would then revive the statute of limitations on that debt.

83. Portfolio's conduct is unfair and deceptive because it does not inform the consumer that paying on a time-barred debt will remove the debt from the shelter of the statue of limitations.

84. As such, well-meaning consumers may make a payment in reliance on Portfolio's statement that it cannot sue on the debt, unwittingly reviving the debt, exposing themselves to further legal liability.

85. Portfolio intended that Manuel would make a payment and revive the debt based on the contents of its deceptive and misleading dunning letter. *See* Exhibit A.

86. The Illinois Consumer Fraud and Deceptive Business Practices Act (ICFA) states:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, **suppression or omission of such material fact** . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.
>
> 815 ILCS 505/2 (emphasis added).

87. Portfolio's conflicting statements with regard to Manuel's liability for the balance of the Capital One account also violate ICFA because they are misleading and misrepresent the effect of making a payment on the debt or even simply acknowledging its validity.

88. Portfolio intended that Manuel rely on its misrepresentations, make a payment, and revive the debt.

89. ICFA further states:

> Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper.
>
> 815 ILCS 505/10a

90. As pled above, Manuel was harmed by Portfolio's unfair and deceptive practices.

91. Moreover, upon information and belief, these unfair and deceptive practices are part of a pattern and practice of behavior in which Portfolio routinely engages as part of its business model.

92. As such, Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a.

WHEREFORE, Plaintiff, Manuel Pantoja, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. awarding Manuel actual damages, in an amount to be determined at trial, for the underlying violations;

c. awarding Manuel costs and reasonable attorney fees;

d. awarding any other relief as this Honorable Court deems just and appropriate.

### Jury Demand

Plaintiff demands trial by jury.

Respectfully Submitted,

By: ___s:/Matthew Hector____

**Matthew Hector**
Attorney for Plaintiff
Sulaiman Law Group, Ltd.
ARDC #: 6283058
900 Jorie Blvd., Suite 150
Oak Brook, IL 60523
(630) 575-8181