**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MANUEL PANTOJA, | No. 13-cv-7667 |
| Plaintiff, | Honorable Robert W. Gettleman |
| v. | |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | |
| Defendants. | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT**

NOW COMES the Plaintiff, Manuel Pantoja, by and through his attorneys, Sulaiman Law Group, Ltd., pursuant to Federal Rule of Civil Procedure 56, presenting this Memorandum In Support Of His Motion For Summary Judgment as follows:

**STATEMENT OF FACTS**

It is undisputed that, on April 17, 2013, Defendant Portfolio Recovery Associates, LLC ("PRA") sent a debt collection letter ("subject letter") to Plaintiff Manuel Pantoja ("Manuel"). *See* Plaintiff's Local Rule 56.1(a)(3) Statement of Material Facts ("R.56"), ¶3(c)(ii). The letter sought to collect a debt allegedly owed to Capital One. R.56 at ¶3(d)(iv). The letter stated, "because of the age of your debt, we will not sue you for it and we will not report it to any credit reporting agency." R.56 at ¶3(d)(i). The letter also offered several payment plans, each one with a down payment ranging from $40.00 to $60.00. R.56 at ¶3(d)(ii). The letter did not disclose the legal effect of making a payment or promising to make a payment to PRA. R.56 at ¶3(d)(iii). The letter did, however, encourage Manuel to "lock in a settlement offer." R.56 at ¶3(d)(v). The letter

1

claims a total amount due of $1903.15. R.56 at ¶3(d)(vi). In its responses to Manuel's requests to admit, PRA admits that the subject letter does not advise Manuel of the effect of agreeing to pay the underlying debt or making a payment on that underlying debt. R.56 at ¶3(c)(i). This is evident because PRA failed to specifically admit or deny the allegation contained in Manuel's first request to admit. *Id.* Under Illinois law, agreeing to pay or making a payment on an expired debt has the effect of reviving the Statute of Limitations for that debt. R.56 at ¶3(e)(i).

At his deposition, it was established that Manuel is a natural person who resides in the District. R.56 at ¶3(a)(i). The alleged debt was a consumer debt because it was incurred for household, and not business purposes; Capital One offered Manuel, as an individual, not a business, a credit card. R.56 ¶3(a)(ii). Manuel accepted that offer. *Id.* The fees incurred on the card were based on annual fees, activation fees, and late fees assessed for not paying the annual and activation fees. R.56 ¶3(a)(iii). There is no evidence in the record that Manuel ever used the card for business purposes.

## LEGAL STANDARD

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims and defenses." *Shivers v. Honeywell, Inc.*, 933 F. Supp. 705, 708 (N.D. Ill. 1996). "A material fact must be 'outcome determinative under the governing law.'" *Whetstine v. Gates Rubber Co.*, 895 F.2d 388, 392 (7th Cir. 1990). In this case there are no undisputed, material facts. Summary judgment is appropriate because PRA has

failed to establish the elements of any of its asserted defenses, and Manuel has stated a claim under the Fair Debt Collection Practices Act ("FDCPA").

## ARGUMENT

In this case, there are no genuine issues of material fact. What remains is a question of law and fact: is the subject letter deceptive on its face? That question is answered in the affirmative. In *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010 (7th Cir. 2014), the Seventh Circuit held that a collection letter that does not disclose that a debt is time-barred violates the FDCPA. This case seeks to expand on the holding and dicta in *McMahon*, arguing that failing to disclose the effect of making a payment on a time-barred debt is inherently deceptive to the unsophisticated consumer. In the *McMahon* opinion, the Seventh Circuit acknowledged the effect of making a partial payment on a time-barred debt: "The fact that both…letters contained an offer of settlement makes things worse, not better, since a gullible consumer who made a partial payment would inadvertently have reset the limitations period and made herself vulnerable on the full amount." *Id.* at 1021.

The amicus brief filed by the Federal Trade Commission ("FTC") and the Consumer Financial Protection Bureau ("CFPB") in *McMahon* is also instructive:[1]

> Absent disclosures to consumers as to the age of their debt, the legal enforceability of it, and the consequences of making a payment on it, it is plausible that dunning letters seeking collection on time-barred debts may mislead and deceive unsophisticated consumers."
>
> Brief of Amici Curiae Federal Trade Commission and Consumer Financial Protection Bureau at p. 7, *Delgado v. Capital Management Services, LP*, 2013 WL 1194708 (No. 13-2030)

---

[1] *McMahon* was consolidated on appeal with *Delgado v. Capital Management Services, LP*, 2013 WL 1194708.

3

> available at: http://files.consumerfinance.gov/f/201309_cfpb_agency-brief_12-cv-04057.pdf (last visited October 7, 2014); *see also* R.56 at ¶3(e)(iv).

The amicus brief, discussing reports issued by the FTC, further states:

> The Commission has concluded that consumers can be misled or deceived when debt collectors seek partial payments on stale debt. Broken System at 27–28; Structure & Practices at 47. In most states, a partial payment restarts the statute of limitations for the entire amount of the debt. Structure & Practices at 47 & n.195 (collecting cases). The Commission observed that "consumers do not expect" that a partial payment "will have the serious, adverse consequence of starting a new statute of limitations." Broken System at 28.
>
> Accordingly, the Commission concluded that a debt collector's solicitation of a partial payment on a time barred debt—implying, incorrectly, that the payment will reduce the consumer's legal obligation—can "create a misleading impression as to the consequences of making [a] payment," thereby violating the FDCPA, 15 U.S.C. § 1692e. *Id.* at 28. The Commission stated that "[t]o avoid creating a misleading impression, collectors would need to disclose clearly and prominently to consumers prior to requesting or accepting such payments that (1) the collector cannot sue to collect the debt **and (2) providing a partial payment would revive the collector's ability to sue to collect the balance**." Id.

> *Id.* at p. 17-18 (emphasis added).

It is not surprising that the Seventh Circuit relied heavily on the amicus brief submitted by the FTC and the CFPB, as well as the "agencies' empirical research and expertise." *Id.* at 1020, 1021. In this case, we are faced with a letter that does not disclose the effect of making a payment on the time-barred debt. R.56 at ¶3(c)(i). The subject letter is deceptive on its face.

Under Illinois law, it is well-settled that simply *agreeing* to make a payment on a time-barred debt revives the Statute of Limitations for enforcing that debt. *Phillip Ross v. St. Clair Foundry Corporation,* 271 Ill.App. 271, 273 (4th Dist. 1933). "A new promise to pay a past-due

4

debt which removes a case from the running of the statute of limitations is unlike a normal bargain in that it creates a new debt ..." *Axia Incorporated v. I.C. Harbour Construction Co.* 150 Ill.App.3d 645, 645, 651-52 (2nd Dist. 1986). Illinois courts have found that consumers entering into agreements to repay time-barred debts are entitled to know the amount of the claim before entering into such an agreement. "A debtor should not lose this protection of the law without knowing its value to him, and he cannot know the value unless he knows the amount of the claim which will no longer be sheltered by the statute." *Schmidt v. Desser,* 81 Ill.App.3d 940, 943 (3rd Dist. 1980). In the context of the subject letter, it is unclear whether Manuel would be liable for $561.00 (the amount paid under the most lucrative payment plan) or $1,903.15 (the total amount that PRA claims is owed). Presumably, if Manuel made the $60.00 down payment and then failed to remit the additional $511 within 30 days, his liability on the entire debt claimed would be revived. As such, the subject letter includes an additional layer of deception that violates §1692e of the FDCPA.

When determining whether a letter is facially misleading, the Seventh Circuit employs the "unsophisticated consumer" standard. *Lox v. CDA, Ltd.*, 689 F.3d 818, 822 (7th Cir. 2012). Under that standard, "the unsophisticated consumer has 'a rudimentary knowledge about the financial world,' [the court does] not presume that the same consumer has knowledge of relevant legal precedent." *Id.* at 825. In this case, the subject letter would deceive the unsophisticated consumer as the unsophisticated consumer does not know the ins and outs of Illinois' Statute of Limitations jurisprudence. This sentiment is corroborated by the FTC and CFPB, which state in their amicus brief:

> In particular, it will often be relevant that most consumers do not know or understand their legal rights with respect to time-barred debt. See Broken System at 2, 26; Kimber, 668 F. Supp. 1480,

5

> 1486–88 ("[F]ew unsophisticated consumers would be aware that a statute of limitations could be used to defend against lawsuits based on stale debts," and "would unwittingly acquiesce to such lawsuits."). In some circumstances, a debt collector may be required to make affirmative disclosures in order to avoid misleading consumers.
>
> Brief of Amici Curiae Federal Trade Commission and Consumer Financial Protection Bureau at p. 18-19.

Based on the empirical research and expertise of the FTC and CFPB, and also upon the face of the subject letter, the subject letter falls into the third category of §1692e cases enumerated in *Lox*— "cases involving letters that are plainly deceptive or misleading, and therefore do not require any extrinsic evidence in order for the plaintiff to be successful." *Lox*, 689 F.3d at 822. In such cases, the Seventh Circuit has stated that it "will grant summary judgment for the plaintiffs without requiring them to prove what is already clear." *Ruth v. Triumph Partnerships*, 577 F.3d 790, 801 (7th Cir. 2009). As noted above, the Seventh Circuit alludes to this problem in *McMahon*. "[A] gullible consumer who made a partial payment would inadvertently have reset the limitations period and made herself vulnerable to a suit on the full amount." *McMahon,* 744 F.3d at 1021. The subject letter is deceptive on its face.

In the alternative, Manuel submits that the research and expertise of the FTC and CFPB serve as the empirical evidence required if this Honorable Court determines that the subject letter falls under the second category enumerated in *Lox*—those which require extrinsic evidence to prove the deceptive nature of a collection letter. *Lox,* 689 F.3d at 822. In *McMahon*, the Seventh Circuit made it clear that it was inclined to defer to the research and expertise of the FTC and the CFPB. *McMahon*, 744 F.3d at 1021. In this case, the research and expertise of the FTC and the CFPB indicate that a letter such as the subject letter is deceptive to the unsophisticated consumer. R.56 at ¶¶3(e)(ii) and 3(e)(iii); *see also* Brief of Amici Curiae Federal Trade Commission and

Consumer Financial Protection Bureau at p. 7, *Delgado v. Capital Management Services, LP*, 2013 WL 1194708 (No. 13-2030)available at:

http://files.consumerfinance.gov/f/201309_cfpb_agency-brief_12-cv-04057.pdf (last visited October 7, 2014).

## CONCLUSION

There are no genuine issues of material fact in this case. PRA sent Manuel a facially deceptive collection letter. Although the letter disclosed that Manuel's debt was time-barred, the letter did not disclose the effect of making a payment on the time-barred debt. This failure to disclose is inherently deceptive under §1692e of the FDCPA. Both the FTC and CFPB agree with this theory of the case. Had Manuel taken the letter at face value and acted quickly to take advantage of one of the payment plans offered by PRA, he would have reset the Statute of Limitations on the underlying debt. PRA would have been free to pursue him for failure to pay if he defaulted on the payment plan. Additionally, PRA could have sold the revived debt to another debt buyer at a premium. Whether PRA's internal policy is to consider the debt revived is immaterial to this analysis. This is not a simple collection letter. It is, in the immortal words of Admiral Ackbar, "a trap." STAR WARS EPISODE VI: RETURN OF THE JEDI (Lucasfilm as a Lucasfilm Limited Production 1983).

WHEREFORE, Plaintiff, Manuel Pantoja respectfully requests that this Honorable Court enter a judgment in his favor against the Defendant, Portfolio Recovery Associates, LLC, award him his statutory damages and attorney's fees pursuant to 15 U.S.C. §1692k, and any other relief that this Honorable Court deems just.

Respectfully Submitted,

By: ___s:/Matthew H. Hector___
    Matthew H. Hector ARDC# 6283058
    Counsel for Plaintiff
    Sulaiman Law Group, Ltd.
    900 Jorie Blvd., Suite 150
    Oak Brook, Illinois 60523
    Phone (630) 575-8181
    Fax (630) 575-8188
    mhector@sulaimanlaw.com