**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

MANUEL PANTOJA,                 )
)
      Plaintiff,            )
)      Case No. 1:13-cv-07667
v.                        )
)      Judge: Honorable Robert W. Gettleman
PORTFOLIO RECOVERY ASSOCIATES,    )
LLC,               )
)
      Defendant.         )

**RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT &
DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT**

Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC by and through its attorneys, David M. Schultz and Avanti D. Bakane of Hinshaw & Culbertson LLP, for its Response to Plaintiff's Motion for Summary Judgment and Defendant's Cross Motion for Summary Judgment, states as follows:

**INTRODUCTION**

The plaintiff incurred a $2,000 debt to Capital One pursuant to a Capital One credit card he applied for. Defendant forwarded collection correspondence to him on or around April 17, 2013 ("April 17 letter"). The correspondence stated, "Because of the age of your debt, we will not sue you for it and we will not report it to any credit reporting agency." In September 2013, the plaintiff called Defendant and attempted to settle his account. The plaintiff did not make any payments on his account.

Now, the plaintiff files the instant suit contending that: 1.) Defendant's April 17 letter should have informed him that making a payment on his account would have revived the statute of limitations on the account, despite that this would be a patently false statement because Defendant does not revive the statute of limitations of time-barred accounts; and 2.) if the letter is not deceptive on its face (it is not), the plaintiff has met the Seventh Circuit's burden of proof set forth

1

130917466v1 0952832

for 1692e claims by pointing to research done by government agencies on the adverse consequence of debt revival, which is not at issue here. *Durkin v. Equifax Check Serv's, Inc.*, 406 F.3d 410, 422 (7th Cir. 2005)(affirming summary judgment in favor of debt collector and stating, "Despite our line of cases on this issue, they chose not to conduct a survey, and they also failed to bring forth a relevant and reliable expert…As a consequence, the plaintiffs are in the same disadvantageous evidentiary position as other plaintiffs that have gone before them: their FDCPA claims against Equifax are supported by nothing more than speculation and conjecture, which does not enable them to survive summary judgment"), citing *Taylor v. Cavalry Investment, L.L.C.*, 356 F.3d 572, 574-75 (7th Cir. 2004), *Chuway v. National Action Financial Services, Inc.*, 362 F.3d 948 (7th Cir. 2004), *Pettit v. Retrieval Masters Creditors Bureau, Inc.*, 211 F.3d 1057, 1061-62 (7th Cir. 2000).

## ARGUMENT

I.     **PRA is entitled to judgment in its favor on Plaintiff's FDCPA claims.**

      A.     **Plaintiff has not met his burden of proof that the account at issue is a "debt" as defined under the FDCPA.**

To establish a prima facie case for a violation of the FDCPA, plaintiffs must prove four essential elements: (1) the plaintiff is a natural person who is harmed by violations of the FDCPA, or is a "consumer" within the meaning of 15 U.S.C. § 1692a(3); (2) the "debt" arises out of a transaction entered primarily for personal, family, or household purposes, 15 U.S.C. § 1692a(5); (3). the defendant collecting the debt is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6); and (4) the defendant has violated, by act or omission, a provision of the FDCPA. *Whittiker v. Deutsche Bank Nat. Trust Co.*, 605 F.Supp.2d 914, 938-39 (N.D. Ohio 2009), citing *Duncan v. Citibank*, 2006 WL 4063022, at *5 (D. N.M. 2006), *Grimard v. Palmer*, et al., 2007 WL 2287831, at *2 (E.D. Mich. 2007).

The absence of any one of the four essential elements is fatal to a FDCPA lawsuit. *Id.*; *see also Anderson v. AFNI, Inc.*, 2011 WL 1808779, at *13 (E.D. Pa. 2011)*("we will focus only on the first

2

of these - that Anderson "cannot show that the obligations in question are consumer debts" - because it, by itself, is sufficient to warrant summary judgment in AFNI's favor. It is well-established that "[a] threshold requirement for application of the FDCPA is that the prohibited practices are used in an attempt to collect a 'debt'"), citing *Zimmerman v. HBO Affiliate Group*, 834 F.2d 1163, 1167 (3d Cir. 1987), *Pollice v. National Tax Funding, L.P.*, 225 F.3d 379, 400 (3d Cir.2000) (same); *Gorbaty v. Portfolio Recovery Assocs.*, LLC, 355 Fed. Appx. 580, 581 (3d Cir. 2009) (same).

The plaintiff contends that he did not use the credit card at issue, despite applying for it and activating it. Response to Plaintiff's Rule 56.1 Statement of Facts (PSMF), DE #40 at 3.a.iii. He simultaneously contends that the transactions he did not make were for personal and household purposes. DE #39 at p. 2. *Anderson*, 2011 WL 1808779, at *14 ("We, too, refuse to ignore Congress's intent by defining a consumer debt in accordance with the actions of the debt collector, rather than the true nature of the debt"), citing *Slenk v. Transworld Systems, Inc.*, 236 F.3d 1072, 1076 (9th Cir. 2001).

The plaintiff has not put forth any evidence that the account at issue is a consumer debt, and Defendant is therefore entitled to judgment on his FDCPA claims on this basis alone. *Celotex Corp. v. Catrett*, 477 U.S. 317, 317 (1986)(moving party's burden is met by pointing out to the court that non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case"); *Security Ins. Co. of Hartford v. Wilson*, 800 F.2d 232, 233 (10th Cir. 1986).

**B.      PRA is entitled to judgment in its favor on Plaintiff's 1692e claims.**

**1.      The April 17 correspondence is not deceptive on its face.**

**a      Defendant does not revive the statute of limitations on time-barred accounts.**

The plaintiff claims that the April 17 letter is deceptive on its face because it did not inform him that the statute of limitations on his Capital One debt would be revived if he made a payment

3

(or agreed to make a payment) on the account. However, any payment or agreement to pay <u>would</u> <u>not</u> revive the statute of limitations on this account because Defendant does not revive the statute of limitations on time-barred accounts. DE #40 at Defendant's Additional Statement of Material Undisputed Facts ("ASMF") at ¶6. The plaintiff's argument lacks a leg to stand on.

To the extent the plaintiff grasps at straws urging this Court to consider hypothetical situations, this attempt fails. DE #39 at p. 7, arguing, "PRA could have sold the revived debt to another debt buyer at a premium." Defendant does not sell its accounts. DE #40 at ASMF ¶7.

Defendant is entitled to judgment on this basis alone.

### b     The plaintiff was not deceived by the April 17 letter.

The plaintiff claims that the April 17 correspondence "is plainly deceptive or misleading," such that the plaintiff does not require extrinsic evidence to support his claim. Yet, the plaintiff himself was not deceived. Any confusion the plaintiff had with the April 17 letter involved: 1.) his mistaken belief that debt collectors cannot collect time-barred debts and instead can only collect accounts they are able to sue upon; 2.) the charges constituting this account balance; and 3.) his concern that any payment he made may not reach and therefore be accepted by PRA. DE #40 at ASMF ¶¶1-5, 10-11.

The only evidence the plaintiff puts forth in support of his claim, his self-serving testimony, bolsters Defendant's position.

### c     The plaintiff misunderstands the standard of review at summary judgment.

The plaintiff contends:

> In this case, there are no genuine issues of material fact. What remains is a question of law and fact: is the subject letter deceptive on its face? That question is answered in the affirmative. In *McMahon v. LVNV Funding, LLC,* 744 F. 3d 1010 (7th Cir. 2014), the Seventh Circuit held that a collection letter that does not disclose that a debt is time-barred violates the FDCPA. The case seeks to expand on the holding and dicta in *McMahon*.

4

DE #39 at p. 3.

First, Defendant's April 17 letter stated, "Because of the age of your debt, we will not sue you for it and we will not report it to any credit reporting agency." DE #38-4. To the extent *McMahon* requires this language (it does not, as discussed below), Defendant has met this requirement.

Second, *McMahon* does not hold that a debt collector must disclose that a debt is time-barred to avoid violating the FDCPA, much less that a debt collector must inform the debtor that a payment will revive his debt where such a payment will not do so. 744 F. 3d at 1022 (affirming denial of <u>motion to dismiss</u> and stating, "In summary, we conclude that an unsophisticated consumer <u>could</u> be misled by a dunning letter for a time-barred debt, especially a letter that uses the term "settle" or "settlement")(emphasis added). Rather, the court declined to dismiss the plaintiff's complaint at the pleading stage, offering him a chance to prove his claims.

Finally, the plaintiff fails to put forth any evidence of his bold contention that this Court should "expand on the holding and dicta in *McMahon*." DE #39 at pp. 3-4, citing instead to FTC and CFPB reports which have no precedential value or binding effect on this Court, and which wholly fail to address the circumstances at issue in this case in light of Defendant's policy not to revive time-barred debts; *see also*, DE #39 at p. 5, arguing "Presumably, if Manuel made the $60.00 down payment and then failed to remit the additional $511 within 30 days, his liability on the entire debt claimed would be revived." The plaintiff is wrong. His debt would not have been revived, and he fails to set forth any evidence to support his theory.

> 2. **The plaintiff cannot meet his burden of proof as set forth by the Seventh Circuit.**

The alleged misstatement(s) by the debt collector must be read in context of the imputed knowledge of the "unsophisticated consumer." The Seventh Circuit has stated that knowledge of

5

the debtor's account is information is part of the "state of mind" or known by the unsophisticated consumer. *Wahl v. Midland Credit Management, Inc.*, 556 F.3d 643, 646 (7th Cir 2009)(unsophisticated consumer is charged with reasonable knowledge of account's history). This standard focuses on whether the debt collector's communication would deceive, mislead or confuse an unsophisticated, but reasonable, consumer. *Turner v. J.V.D.B. & Assoc.*, 202 F. App'x 123, 125 (7th Cir. 2006 ); *Turner v. J.V.D.B. & Associates, Inc.*, 483 F.Supp.2d 631 (N.D.Ill. 2007); *Reed v. AID Assoc., Inc.* 573 F.Supp.2d 1105, 1106 -1108 (S.D. Ind. 2008).

The plaintiff puts forth no evidence that the "unsophisticated consumer" would be misled by the statements at issue much less how each statement is materially misleading to the "unsophisticated consumer." *Muha v. Encore Receivable Management, Inc.*, 558 F.3d 623, 628 (7th Cir. 2009)(statement is material if it influences a consumer's decision-in the present context his decision to pay a debt in response to a dunning letter); DE #40 at ¶13, admitting that the letter did not in any way affect whether or not the plaintiff would pay off his account.

The Seventh Circuit has clearly and consistently held on multiple occasions that if it is unclear whether an unsophisticated consumer would find a communication deceptive, misleading, or confusing, extrinsic evidence is required to show how consumers perceive the communication. Each of those cases also explains that the most appropriate form of extrinsic evidence would be a "carefully designed and conducted consumer survey." *McMillan v. Collection Professionals Inc.,* 455 F.3d 754, 760 (7th Cir. 2006); quoting *Chuway v. National Action Financial Services, Inc.*, 362 F.3d 948 (7th Cir. 2004), referring to *Walker v. National Recovery, Inc.*, 200 F.3d 500, 501 (7th Cir. 1999). The rule is applied uniformly when claims are asserted under 15 U.S.C.§1692e.

In *Evory v. RJM Acquisition Funding, LLC*, 505 F.3d 769 (7th Cir. 2007), the Seventh Circuit explained that a plaintiff might rely only on the text of the communication, but then if there was nothing deceptive-seeming about the communication, the court would have to dismiss the case. *Id.*

6

at 777, citing *Taylor v. Cavalry Investment, L.L.C.*, 356 F.3d 572, 574, 575 (7th Cir. 2004). The Seventh Circuit explained that statements in collection correspondences may in certain circumstances present a "potential for deception," but further explained that this can only be shown through some form of evidence, "the most useful sort being the kind of consumer survey" previously espoused by the Court. *Id.* at 776. See *Johnson v. Revenue Management Corp.*, 169 F.3d 1057, 1060-61 (7th Cir. 1999); see *McMillan v. Collection Professionals, Inc.*, 445 F.3d 754 (7th Cir. 2006); see *Durkin v. Equifax Check Serv's, Inc.*, 406 F.3d 410 (7th Cir. 2005); see *Pettit v. Retrieval Masters Creditors Bureau, Inc.*, 211 F.3d 1057 (7th Cir. 2000).

Since there is not a clear or obvious confusion presented by the language of the letter in this case, in order to meet his evidentiary burden (not to prevail), the plaintiff must present extrinsic evidence (particularly where he fails to prove that even he was deceived by the collection letter) that the statement is misleading or deceptive to the unsophisticated consumer. *Chuway v. Nat'l Action Fin. Servs.*, 362 F.3d 644, 948-49. In the absence of this extrinsic evidence, the plaintiff cannot survive summary judgment. *Taylor*, 365 F.3d at 574-75.

In *Durkin v. Equifax*, 406 F.3d 410, 415 (7th Cir. 2005), the Seventh Circuit explained that extrinsic evidence was necessary to create a genuine issue of fact for trial, not that extrinsic evidence entitles an FDCPA plaintiff to summary judgment. The Court explained that "the plaintiff must come forward with evidence beyond the letter and beyond his own self-serving assertions that the letter is confusing in order to create a genuine issue of material fact for trial." *Id.* (Emphasis added). Here, the plaintiff is not entitled to summary judgment.

The threshold for FDCPA cases is clearly stated in *Durkin*: "[u]nder [the unsophisticated consumer] standard, a plaintiff's anecdotal proclamations of being confused will not suffice: a collection letter cannot be confusing as a matter of law or fact 'unless a significant fraction of the population would be similarly misled.'" 406 F.3d at 415, quoting *Petit v. Retrieval Masters Creditor*

*Bureau, Inc.*, 211 F.3d 1057, 1061 (7ᵗʰ Cir. 2000). (Emphasis added). What constitutes a "significant fraction" is an issue for the jury.

The plaintiff contends:

> In the alternative, Manuel submits that the research and expertise of the FTC and CFPB serve as the empirical evidence required if this Honorable Court determines that the subject letter falls under the second category enumerated in Lox—those which require extrinsic evidence to prove the deceptive nature of a collection letter. Lox, 689 F.3d at 822. In McMahon, the Seventh Circuit made it clear that it was inclined to defer to the research and expertise of the FTC and the CFPB. McMahon, 744 F.3d at 1021. In this case, the research and expertise of the FTC and the CFPB indicate that a letter such as the subject letter is deceptive to the unsophisticated consumer. R.56 at ¶¶3(e)(ii) and 3(e)(iii); see also Brief of Amici Curiae Federal Trade Commission and Consumer Financial Protection Bureau at p. 7, Delgado v. Capital Management Services, LP. 2013 WL 1194708 (No. 13-2030) available at: http://files.consumerfinance.gov/f/201309_cfpb_agency-brief_12-cv-04057.pdf (last visited October 7, 2014).

DE # 39 at pp. 6-7.

The research plaintiff references is not a carefully designed consumer survey. What's more, this research is based upon the assumption that a payment would revive the plaintiff's account – not so. DE #39 at p. 4, citing FTC report ("The Commission observed that 'consumers do not expect' that a partial payment 'will have the serious, adverse consequence of starting a new statute of limitations'"); *Durkin,* 406 F.3d at 422 (plaintiff's failure to conduct proper survey entitled defendant debt collector to summary judgment).

The plaintiff has failed to put forth any evidence in support of his 1692e claims that the statements at issue are deceptive or misleading to the "unsophisticated consumer," and Defendant is entitled to judgment on these claims. *Celotex Corp. v. Catrett*, 477 U.S. 317, 317 (1986)(moving party's burden is met by pointing out to the court that non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case").

II.     **Defendant is entitled to summary judgment on Plaintiff's ICFA claims.**

    A.      **The plaintiff abandons any claims brought under the ICFA.**

8

The plaintiff appears to abandon any claims pursued under the ICFA. DE #1 at p. 9, Count II; DE #39. As such, Defendant is entitled to judgment on these claims. *Doe v. Cunningham*, 30 F.3d 879, 885 (7th Cir. 1994)("[A] district court need not scour the record to determine whether there exists a genuine issue of fact to preclude summary judgment. Instead, the court can rely upon the nonmoving party to show such a dispute if one exists"), citing *L.S. Heath & Son, Inc. v. AT & T Information Systems, Inc.,* 9 F.3d 561, 567 (7th Cir.1993).

To the extent the plaintiff does not abandon these claims, they are brought on an identical factual basis as the plaintiff's FDCPA claims. DE #39, failing to discuss ICFA claims at all, much less asserting separate basis for these claims; *SB Designs v. Reebok Intern., Ltd.*, 338 F.Supp.2d 904, 911 (N.D. Ill. 2004)(granting summary judgment in defendant's favor on plaintiff's state law claims where plaintiff relied upon same factual basis as for federal claims); *Crawford v. Countrywide Home Loans*, Inc., No. 09-295, 2011 WL 3875642, at *14 (N.D. Ind. Aug. 31, 2011)(granting summary judgment in defendant's favor on two of plaintiff's claims where claims were premised on same factual basis and without engaging in analysis on second claim).

**B.      The plaintiff fails to put forth any evidence of his ICFA claim.**

In order to state a claim under the ICFA, a plaintiff must show: (1) a deceptive or unfair act or promise by the defendant; (2) the defendant's intent that the plaintiff rely on the deceptive or unfair practice; and (3) that the unfair or deceptive practice occurred during a course of conduct involving trade or commerce. *Camasta v. Jos. A. Bank Clothiers, Inc.*, No. 13-2831, 2014 WL 3765935, at *5-6 (7th Cir. 2014), citing *Wigod v. Wells Fargo Bank, N.A.,* 673 F.3d 547, 574 (7th Cir. 2012).

Initially, the plaintiff fails to meet his burden of proof that Defendant engaged in any deceptive conduct in violation of the FDPCA. He therefore fails to prove his ICFA claim, which he bases on an alleged violation of the FDCPA alone. *Celotex ,* 477 U.S. at 317.

9

Further, the plaintiff did not make any payments on his Capital One account, and he never intended to. DE #40 at ASMF ¶¶12, 13. *Aker v. Bureaus Investment Group,* No. 12-3633, slip op. (N.D. Ill. Sept. 29, 2014)("Another glaring defect in the ICFA claim is Aker's failure to plead any actual damage resulting from the allegedly unfair business practice"); *Camasta,* 2014 WL 3765935, at *4 ("When the plaintiff is a private party as Camasta is here, an action brought under the ICFA requires the plaintiff to show he suffered 'actual damage' as a result of the defendant's violation of the act"), citing 815 ILCS 505/10a, *Kim v. Carter's Inc.,* 598 F.3d 362, 365 (7th Cir. 2010)(In a private ICFA action, the element of actual damages "requires that the plaintiff suffer actual pecuniary loss"), *Mulligan v. QVC, Inc.,* 888 N.E.2d 1190, 1196 (Ill. App.Ct. 2008).

In *Aker v. Bureaus Investment Group,* No. 12-3633, slip op. (N.D. Ill. 12-3633 Sept. 29, 2014), the court explained:

> Aker alleges only that the letter 'caused her to be confused, harassed, annoyed, and distressed.' These damages are not pecuniary in nature and therefore they cannot, on their own, support a claim under the ICFA.

*Aker,* slip op. at p. 14, citing, *Morris v. Harvey Cycle & Camper*, 911 N.E.2d 1049, 1053, 392 Ill. App. 3d 399, 402 (Ill. App. Ct. 2009) ("The failure to allege specific, actual damages precludes a claim brought under the Consumer Fraud Act. . . . Here, plaintiff did not allege actual damages in the form of specific economic injuries. She alleged only emotional damages. For this reason, the trial court correctly dismissed plaintiff's count I for relief under the Consumer Fraud Act.").

Moreover, to the extent the plaintiff intends to rely on his conclusory allegations that he suffered from emotional distress, a party seeking emotional damages must provide a reasonably detailed explanation of the injuries suffered. *Bassett v. I.C. System,* 715 F. Supp. 2d 803, 812-813 (N.D. Ill. 2010). When "the injured party's own testimony is the only proof of emotional damages, he must explain the circumstances of his injury in reasonable detail; he cannot rely on mere conclusory statements"… *Id.,* citing *Sarver v. Experian Info. Solutions*, 390 F.3d 969, 971 (7th Cir.

10

2004); *RufinThompkins v. Experian Info. Solutions, Inc.*, 422 F.3d 603, 610-11 (7th Cir.2005); *Denius v. Dunlap*, 330 F.3d 919, 929 (7th Cir. 2003). Thus, courts have held that "bare allegations by a plaintiff that the defendant's conduct made him 'depressed,' 'humiliated,' or the like are not sufficient to establish injury unless the facts underlying the case are so inherently degrading that it would be reasonable to infer that a person would suffer emotional distress from the defendant's action." *Id.* The Seventh Circuit has "maintained a strict standard for a finding of emotional damage because they are so easy to manufacture." *Id.*, citing *Sarver*, 390 F.3d at 971.

In *Bassett,* Plaintiff alleged he suffered from sleeplessness, nervousness, chest pains, feelings of guilt and pessimism, weight problems, and headaches. 715 F. Supp. 2d at 812-813. Plaintiff stated that where he felt abused or harassed, his bipolar disorder was provoked, and defendant was aware of his disorders. *Id.* Plaintiff also stated that although he called a nurse to inquire about increasing his medication. *Id.* The court, assuming the above facts were true, found that plaintiff failed to present sufficient evidence of his emotional distress damages to survive summary judgment. *Id.* Thus, as a matter of law, the court ruled that plaintiff was not entitled to actual damages. *Id.*

Further, the court explained that plaintiff's attempt to attribute his alleged emotional distress to defendant's conduct failed:

> Bassett's argument that no other outside factor contributed to the agitation of his bipolar disorder except his contact with I.C. System is belied by the fact that he had a similar lawsuit before the Court against another debt collector in which he sought emotional distress damages based on telephone calls occurring during the same time period. These facts, along with Bassett's shame of his disorders, do not create a genuine issue of material fact for trial, especially because the facts underlying this case are not so inherently degrading as a matter of law "that it would be reasonable to infer that a person would suffer emotional distress from the defendant's action"…Moreover, although Bassett presents evidence in his Rule 56.1 Statement that he felt pushed and severely bothered, he does not set forth any evidence of sleeplessness, nervousness, chest pains, feelings of guilt and pessimism, weight problems, or headaches as alleged in his First Amended Complaint. Without more details, Bassett has failed to present sufficient evidence supporting his claim for emotional damages.

11

*Id.* at 812-813, citing *Bassett v. ER Solutions, Inc.* (N.D. Ill. 09-0762), *RufinThompkins,* 422 F.3d at 610.

Here, the plaintiff makes similar claims and admits that he did not seek medical treatment for his alleged emotional distress. DE #40 at ASMF ¶14. He admits that he did not see a doctor because he did not need any treatment, he was not hurt, and because his level of his emotional distress was simply "normal" and attributable to "human nature." DE #40 at ASMF ¶¶14, 16. The plaintiff's blood pressure rises regularly, and he overreacts sometimes. DE #40 at ASMF ¶15. What's more, the plaintiff's distress was caused by other debt collectors which caused him to distrust debt collectors generally. DE #40 at ASMF ¶17.

Plaintiff's "evidence" of his emotional distress damages falls well below the Seventh Circuit's "strict standard." *Bassett,* 715 F. Supp. 2d 803, 812-813 (citing *Sarver v. Experian Info. Solutions,* 390 F.3d 969, 971 (7th Cir. 2004); *RufinThompkins v. Experian Info. Solutions, Inc.,* 422 F.3d 603, 610-11 (7th Cir.2005); *Denius v. Dunlap,* 330 F.3d 919, 929 (7th Cir. 2003)). Therefore, summary judgment in favor of Defendant on the plaintiff's ICFA claim is proper.

WHEREFORE, Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC, respectfully requests this Court grant its motion for summary judgment, enter judgment in its favor and for such other relief as this Court deems proper.

Respectfully submitted,

PORTFOLIO RECOVERY ASSOCIATES, LLC, Defendant

*/s/ Avanti D. Bakane*
Avanti D. Bakane

David M. Schultz
Avanti D. Bakane
Hinshaw & Culbertson LLP
222 N. LaSalle Street, Suite 300
Chicago, IL 60601
Telephone: 312-704-3000
Facsimile: 312-704-3001
E-mail: abakane@hinshawlaw.com

12

130917466v1 0952832

<u>**CERTIFICATE OF SERVICE**</u>

   I hereby certify that on November 3, 2014, I electronically filed with the Clerk of the U.S. District Court, Northern District of Illinois Eastern Division, the foregoing **Defendant's Response in Opposition to Plaintiff's Motion for Summary Judgment** by using the CM/ECF system, which will send notification of such filing(s) to:

Matthew H. Hector
Sulaiman Law Group, Ltd.
900 Jorie Boulevard, Suite 150
Oak Brook, IL  60523
E-mail:  mhector@sulainmanlaw.com

             *s/Avanti D. Bakane*

130917466v1 0952832