UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MANUEL PANTOJA, | No. 13-cv-7667 |
| Plaintiff, | Honorable Robert W. Gettleman |
| v. | |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | |
| Defendants. | |

**PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT AND RESPONSE TO DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**

NOW COMES Plaintiff, MANUEL PANTOJA ("Manuel"), presenting his reply in support of his motion for summary judgment and his response to Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC's ("PRA"), cross-motion for summary judgment stating as follows:

## INTRODUCTION

PRA sent a letter to Manuel that sought to collect on a time-barred debt. Although that letter disclosed that the debt was time-barred, it did not inform Manuel of the consequences of making a payment on that debt. In Illinois, making a payment or agreeing to make a payment on a time-barred debt revives the statute of limitations on that debt by operation of law. PRA inexplicably argues that this is untrue even when faced with case law that explicitly states this fact. PRA contends that **it** does not revive the statute of limitations. This position is patently absurd on its face—statutes of limitation are not revived by entities, but by operation of law. Whether PRA considers the debt to be revived has no effect on how the law operates. If a municipality passes an ordinance prohibiting jaywalking, but the local police do not enforce that

ordinance, an individual crossing the street without right of way is still jaywalking. Similarly, even if PRA doesn't consider the debt revived, Illinois law operates to revive it. In turn, the failure to notify a consumer that making a payment on a time-barred debt will revive the statute of limitations is deceptive and violates the FDCPA. Manuel's motion should be granted and PRA's cross-motion should be denied.

**ARGUMENT**

**1. Manuel has demonstrated that the account at issue is a debt under the FDCPA.**

PRA argues that Manuel has not demonstrated the account is a debt as defined under the FDCPA. This is incorrect. Manuel's Rule 56.1 statement cites to his deposition where Manuel stated:

> Q. Right. So they offered you a credit card --
> A. Yes.
> Q. -- and then you accepted the offer; is that right?
> A. Yes.
> Q. Why did you fill this document, this application out?
> A. Because this was going to be my first credit card. And I needed a credit card. And I wanted to start my credit. And I didn't know too much about credit cards or anything of that nature.
> Q. So you hadn't had a credit card before this?
> A. No.
>
> *See* Plaintiff's Local Rule 56.1(a)(3) Statement of Material Facts ("R.56") at ¶3(a)(ii); *see also* R.56 at Exhibit A, p.22:6-20.

Manuel was asked whether PRA offered *him* a credit card. He said yes. Manuel was asked whether *he* filled out the application. He said yes. Manuel stated that *he* needed a credit card to start *his* credit. Each one of those statements indicates that Manuel applied for the credit card as an individual, not as a business. PRA has put forth no evidence that the card was used for

business purposes because Manuel never used the card. All charges on the card were based on annual fees and any interest applied to those fees. Arguing that Manuel has no evidence to support the consumer nature of the debt is preposterous. Manuel has met his evidentiary burden, PRA has failed to present evidence refuting the fact that Manuel's intention when he applied for the card was to get a personal credit card to "start [his] credit" *Id.* The underlying debt in this matter was a consumer debt as defined under the FDCPA.

**2. Manuel is entitled to judgment on his claims.**

    **a. PRA does not revive the statute of limitations, the law does.**

PRA claims that it does not revive the statute of limitations on debts. This position makes absolutely no sense. PRA's actions have no bearing whatsoever on whether promising to pay or making a partial payment on a time-barred debt revives the statute of limitations in Illinois. Illinois law is clear: the actions of the debtor, not the debt collector are what revive the statute of limitations on a time-barred debt. *See Phillip Ross v. St. Clair Foundry Corporation,* 271 Ill.App. 271, 273 (4th Dist. 1933)(holding that a promise to pay revives the statue of limitations); *Axia Incorporated v. I.C. Harbour Construction Co.* 150 Ill.App.3d 645, 645, 651-52 (2nd Dist. 1986) PRA's nonsensical assertions, training manual, and employee affidavit cannot change how the law operates.

    **b. Manuel does not have to be deceived to have a cause of action under the FDCPA.**

PRA argues that Manuel was not deceived by its April 17 letter and therefore no violation of the FDCPA exists. PRA presents no legal authority for this argument. That is because PRA's position is unsupported by case law. "The FDCPA is a remedial, strict liability statute which was intended to be applied in a liberal manner. Proof of deception or actual damages is not necessary to make a recovery under the FDCPA." *Picht v. Hawks,* 77 F.Supp.2d 1041, 1043 (D.

Minn. Aug. 27, 1999). The Seventh Circuit has held that a lawsuit seeking only statutory damages "does not depend on proof that the recipient of the letter was misled." *Bartlett v. Heibl*, 128 F.3d 497, 499 (7th Cir. 1997). Although one unpublished opinion in the Northern District of Illinois states that the Seventh Circuit has implied that some evidence of deception may be required when a statement is true but potentially misleading, that is not the case in this matter—Manuel complains of a failure to disclose information, not information that is true but could be misleading. *Francisco v. Doctors and Merchants Credit Service, Inc.*, 1998 WL 474107 at *8 (N.D.IL. August 3, 1998).

Even if actual deception is required under the Act, Manuel was deceived by the contents of the letter. At his deposition, Manuel said that he was confused by PRA's letter. *See* R.56 at ¶3(a)(iv). While PRA calls this testimony self-serving, any statement made by a party to a lawsuit is inherently self-serving. Even if Manuel's belief that debt collectors cannot collect time-barred debt is mistaken, that does not vitiate his confusion. PRA provides no counter evidence that would demonstrate its letter did not confuse Manuel, nor does it provide any legal authority for the position that he must demonstrate actual deception.

### c. PRA misstates the importance of *McMahon*.

PRA implies that because *McMahon v. LVNV Funding, LLC*, 774 F.3d 1010 (7th Cir. 2014) reversed a dismissal of a lawsuit, it is somehow inapposite authority to support a motion for summary judgment. If such a position is correct, then the persuasive and precedential effect of the vast majority of case law would be abrogated. Although *McMahon* reversed the dismissal of one case and affirmed the denial of a motion to dismiss in another, the court did hold that "an unsophisticated consumer could be misled by a dunning letter for a time-barred debt." *McMahon* 774 F.3d at 1022. In this case, Manuel seeks to expand on this logic. PRA has offered no

authority to counter *McMahon*. PRA's only argument is that it does not revive time-barred debts. As noted above, this argument is nonsensical at best.

PRA also ignores the fact that the *McMahon* court stated that the Seventh Circuit gives great weight and persuasive authority to the empirical research of the FTC and CFPB. *Id.* at 1021. PRA ignores the importance of the empirical research of the two federal regulators tasked with enforcing the FDCPA. As is fully set forth in Manuel's memorandum in support of his motion, after conducting empirical research regarding the debt-buying industry and its operations, the FTC specifically stated that collectors should disclose that a debt is time-barred and the effect of making a payment on a time-barred debt. PRA provides no authority to counter the well-reasoned and researched opinion of the FTC. PRA also ignores the fact that the *McMahon* court acknowledged that making a payment on a time-barred debt resets the limitations period, making the consumer vulnerable on the fully amount of the debt. *Id.* PRA's sole argument to counter Manuel's position is legally inaccurate (that PRA does not revive the statute of limitations) and ignores the weight of the research of federal regulators tasked with enforcing the FDCPA.

**3. Manuel has met his burden of proof.**

PRA cites to several cases that do not address the specific allegation made by Manuel in his complaint. Given that no actual deception is required under the FDCPA, whether Manuel was deceived by the letter (he was) is immaterial. PRA alleges that Manuel puts forth no evidence that the April 17 letter, on its face, is deceptive. However, in addition to his own testimony, Manuel has provided a copy of a study published by the FTC. This study is based on empirical research. As noted above, the Seventh Circuit has already stated that it gives great weight to the empirical research of both the FTC and the CFPB. PRA also alleges that Manuel does not

explain how a consumer would be misled by the statements. This is also untrue—the entire theory of Manuel's case is that failing to disclose the legal effect of paying on a time-barred debt is is deceptive because the unsophisticated consumer wouldn't be aware of the minutiae of the law regarding the statute of limitations. PRA's argument essentially ignores the allegation that the letter is misleading on its face. The Seventh Circuit has stated that, when a letter is deceptive on its face, no extrinsic evidence of deceptiveness is necessary. *Lox v. CDA, Ltd.*, 689 F.3d 818, 822 (7th Cir. 2012). The Seventh Circuit has also held that the unsophisticated consumer standard does not assume that the unsophisticated consumer has knowledge of relevant legal precedent. *Id.* at 825. As such, a letter that does not disclose the legal effect of making a payment on a time-barred debt is deceptive on its face. The unsophisticated consumer would have no way of knowing that he or she was being deceived.

Assuming that extrinsic evidence of deceptiveness is required, PRA then argues that the Seventh Circuit has explained that the most appropriate form of extrinsic evidence is a consumer survey. This is not what the case law states. In *McMillan v. Collection Professionals, Inc.*, 455 F.3d 754, 760 (7th Cir. 2006), the court stated that a consumer survey was "*one way* to create a triable issue of fact" (emphasis in original). In *Chuway v. National Action Financial Services, Inc.*, 362 F.3d 944, 948 (7th Cir. 2004), the court stated that, "for example," one type of evidence would be a consumer survey. It is also worth noting that the *Chuway* court found the letter in that case to be deceptive on its face, thus obviating the need for extrinsic evidence. *Id.* Similarly, in *Walker v. National Recovery, Inc.*, 200 F.3d 500, 501 (7th Cir. 1999), the Seventh Circuit uses a consumer survey as an example of a form of evidence, not as the most appropriate form nor as the only form of evidence.

PRA's argument that the subject letter is not deceptive on its face relies on two factors: 1) actual deception and 2) PRA's assertion that it does not revive the statute of limitations on time-barred debts. As shown above, actual deception is not required under the FDCPA and PRA's statements do not change the operation of law. These arguments fail for the reasons stated above. Even if extrinsic evidence is required, PRA offers no legal precedent that would establish that the empirical research of the FTC, and reports based on that research, would not be sufficient extrinsic evidence to establish that a collection letter is deceptive. PRA attempts to argue that extrinsic evidence is always required, but this is not the case. It utterly ignores the Seventh Circuit's analysis as to facially deceptive letters.

PRA also ignores the fact that a consumer survey is not required. A consumer survey is one type of evidence, but not the only type of evidence. The FTC report cited in Manuel's brief in support of this motion shows that the FTC found that consumers do not expect that a partial payment will have the serious, adverse consequence of starting a new statue of limitations. *See* Brief of Amici Curiae Federal Trade Commission and Consumer Financial Protection Bureau at p. 17-18, *Delgado v. Capital Management Services, LP*, 2013 WL 1194708 (No. 13-2030)available at: http://files.consumerfinance.gov/f/201309_cfpb_agency-brief_12-cv-04057.pdf (last visited October 7, 2014); *see also* R.56 at ¶3(e)(iv). PRA seems to rely, again, on its assertion that PRA somehow has an effect on how the law in Illinois operates—it does not.

**4. Manuel does not concede his ICFA claim**

PRA attacks Manuel's ICFA claim, alleging that he concedes it. Failing to move for summary judgment on every allegation in a lawsuit does not concede the remaining counts. It is possible to move for partial summary judgment. Nonetheless, PRA is correct when it notes that Manuel's ICFA claim is predicated on the same behavior as his FDCPA claim. ICFA is a broad

statute that prohibits a wide range of unfair and deceptive business practices. Manuel's complaint properly states an ICFA claim because it properly states an FDCPA claim. Moreover, Manuel has shown that the subject letter is, in fact, deceptive to the unsophisticated consumer. If the conduct is deceptive under the FDCPA, then it is deceptive under ICFA.

## Conclusion

PRA's assertions aside, the law in Illinois is clear: agreeing to make or making a payment on a time-barred debt revives the statute of limitations on that debt. PRA has no effect on how Illinois law operates. Its assertion that it does not revive the statute of limitations is technically correct, but unavailing—it doesn't revive the statute because it happens via operation of law. What PRA thinks it does is irrelevant. PRA also ignores the empirical research of the FTC, which indicates that a letter that does not disclose the effect of paying on a time-barred debt would mislead consumers. PRA's April 17 letter was deceptive on its face. Even if this Honorable Court finds that extrinsic evidence is required, Manuel has provided that via the FTC's research report. A consumer survey is not the only type of evidence available to an FDCPA plaintiff. Manuel is entitled to summary judgment on his FDCPA claims.

                                              Respectfully Submitted,

                                              By: ___s:/Matthew H. Hector___

November 17, 2014                      Matthew H. Hector ARDC# 6283058
                                              Counsel for Plaintiff
                                              Sulaiman Law Group, Ltd.
                                              900 Jorie Blvd., Suite 150
                                              Oak Brook, Illinois 60523
                                              Phone (630) 575-8181
                                              mhector@sulaimanlaw.com