IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MANUEL PANTOJA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:13-cv-07667 |
| v. ) | |
| ) | Judge: Honorable Robert W. Gettleman |
| PORTFOLIO RECOVERY ASSOCIATES, ) | |
| LLC, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S SUBMISSION ON PROVE-UP DAMAGES

Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC by and through its attorneys, David M. Schultz and Avanti D. Bakane of Hinshaw & Culbertson LLP, for its submission as to prove-up damages, states as follows:

1.  On January 14, 2015, this Court issued a memorandum and opinion on the parties' cross motions for summary judgment which granted plaintiff's motion for summary judgment on Count I (claim under Fair Debt Collection Practices Act). The Court granted defendant's motion for summary judgment on Count II (claim under Illinois Consumer Fraud Act). Court docket entry ("DE") #46.

2.  This Court held, "plaintiff has failed to establish any actual damage as a result of defendant's violations." DE #46 at p. 5.

3.  In light of the Court's ruling, on or around January 29, 2015, counsel for the parties discussed stipulating to a judgment against Defendant in the amount of $1,000, the maximum amount of statutory damages available to Plaintiff under the Fair Debt Collection Practices Act (FDCPA), plus reasonable fees and costs. 15 U.S.C. 1692k(a)(2)(A). Defendant forwarded the attached proposed stipulation to judgment to Plaintiff's counsel. Proposed stipulation to judgment, attached hereto as Exhibit 1.

1

4. Counsel for the parties again discussed the stipulation on February 6, 2015. Defense counsel understood the outcome of this discussion to be that the parties' counsel had reached an agreement, and Plaintiff's counsel would seek his client's agreement to filing of the stipulation.

5. On February 10, 2015, Plaintiff's counsel stated to defense counsel via email, "My client won't agree to the stipulations. Sorry for the delay getting back to you, I had a bit of a time getting back in touch with him."

6. On his best day in Court, Plaintiff can recover a maximum of $1,000 in statutory damages. 15 U.S.C. 1692k(a)(2)(A).

7. Defendant therefore seeks entry of a judgment against it in the amount of $1,000 in statutory damages plus reasonable fees and costs containing the form and substance of the attached Exhibit 1.

WHEREFORE, Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC, respectfully requests this Court enter judgment against it on the following terms, and for such other relief as this Court deems proper:

1. This Court enters judgment on Count One in favor of Plaintiff Manuel Pantoja and against Defendant PRA in the amount of $1,000 plus reasonable attorney fees and costs. The petition for reasonable attorney fees and costs is stayed until after the appeal of this case.

2. The parties reserve their rights to appeal any adverse rulings that predate entry of judgment.

                                              Respectfully submitted,

                                              PORTFOLIO RECOVERY ASSOCIATES, LLC, Defendant

                                              */s/ Avanti D. Bakane*
                                              Avanti D. Bakane

David M. Schultz
Avanti D. Bakane
Hinshaw & Culbertson LLP
222 N. LaSalle Street, Suite 300
Chicago, IL 60601
Telephone: 312-704-3000
Facsimile: 312-704-3001
E-mail: abakane@hinshawlaw.com

## CERTIFICATE OF SERVICE

      I hereby certify that on February 12, 2015, I electronically filed with the Clerk of the U.S. District Court, Northern District of Illinois Eastern Division, the foregoing **Defendant's Submission as to Prove-up Damages** by using the CM/ECF system, which will send notification of such filing(s) to:

Matthew H. Hector
Sulaiman Law Group, Ltd.
900 Jorie Boulevard, Suite 150
Oak Brook, IL  60523
E-mail:  mhector@sulainmanlaw.com

                                              *s/Avanti D. Bakane*

130917466v1 0952832